HON. T. L. NORVAL, } JUDGES.
HON. J. J. SULLIVAN, }

---

58 815|
f58 818|

## GEORGE W. DOANE, APPELLEE, V. CITY OF OMAHA, APPELLANT.

FILED SEPTEMBER 21, 1899. No. 8968.

Statutes: MEANING OF "MAY": MUNICIPAL CORPORATIONS: SPECIAL AS-
SESSMENTS: INJUNCTION. The word "may," when used in a stat-
ute or enactment to impose a duty or delegate a power, the
performance of which involves the protection of public or
private interests, will be read as "must," and construed as man-
datory.

APPEAL from the district court of Douglas county.
Heard below before POWELL, J. *Affirmed.*

The facts are stated in the opinion.

*W. J. Connell* and *E. H. Scott,* for appellant:

In absence of a statutory requirement, appellee was
not entitled to notice, either personal or by publication,

of the passage of resolutions requiring the construction of a sidewalk in front of his premises. (*State v. Commissioners*, 29 Atl. Rep. [N. J.] 429; *Morris v. Comptroller*, 54 N. J. Law 268; *Oil City v. Lay*, 164 Pa. St. 370.)

When the charter or ordinances of a city require the giving of notice by publication, no other or different notice is necessary. (*In re Bassford*, 50 N. Y. 509; *Miller v. Mayo*, 88 Cal. 568; *Chambers v. Satterlee*, 40 Cal. 497; *Ives v. Irey*, 51 Neb. 136.)

*George W. Doane, pro se:*

Where the statute directs the doing of a thing for the sake of justice or the public good, the word "may" is the same as "shall." (*People v. Buffalo County*, 4 Neb. 159; *Hurford v. City of Omaha*, 4 Neb. 336; *Supervisors v. United States*, 4 Wall. [U. S.] 435; *People v. Supervisors*, 51 N. Y. 405; *Johnston v. Pate*, 95 N. Car. 71.)

Reference as to notice: *Merritt v. Village of Portchester*, 71 N. Y. 309.

HARRISON, C. J.

This action was instituted to obtain an injunction against the levy of a special assessment by the city of Omaha to pay the expenses of making a sidewalk on or near the property or premises owned by the plaintiff. A trial of the issues resulted in a decree in favor of the plaintiff, and the city presents this appeal.

There are but two questions raised and discussed, both of which relate to the notice which was given, or which it was necessary to give or for the owner of the property to have, of the resolution or action of the city authorities by which the sidewalk was ordered to be made. It was and is asserted that the owner of the property had actual notice of such order. Whatever significance might have attached to actual notice, if it had existed, it must be said that the evidence on this subject was directly in conflict, and that there was none is supported by the evi-

dence, and the apparent finding thereon will not be disturbed.

At the time the city council passed the resolution which required the construction of the sidewalk in question there was in force an ordinance which provided for the publication of any such resolution during a prescribed period of time, the same to be notice to any and all property-owners to be affected; also, that on residents of the city "a copy of the resolution may be personally served," etc. The original section of the ordinance in relation to notice was of publication alone, but had been amended, the amendatory portion being applicable to notice to residents of the city. The contention herein is in regard to the construction to be given the ordinance, or, specifically, the word "may." Is it to be given its ordinary permissive signification, or is it to be read as "must," and mandatory? Within the rule for construction of statutes and enactments of the nature of the one under consideration the word "may" will be read as "must," and as mandatory. (*People v. Commissioners of Buffalo County*, 4 Neb. 150; *Hurford v. City of Omaha*, 4 Neb. 336; Sedgwick, Statutory Construction [2d ed.] 375, 14 Am. & Eng. Ency. Law 979; *State v. Mayor of Jersey City*, 30 Atl. Rep. [N. J.] 531; *People v. Commissioners of Highways*, 22 N. E. Rep. [Ill.] 596; *State v. Mayor*, 28 Atl. Rep. [N. J.] 713.) It follows that the decree of the district court must be

AFFIRMED.

STATUTES: MUNICIPAL CORPORATIONS: SPECIAL ASSESSMENTS: INJUNCTION.

