GILBERT E. HAASE, APPELLEE, v. BUFFALO COUNTY, APPELLANT.

FILED FEBRUARY 26, 1910. No. 15,933.

Counties: LIABILITY: TREASURER'S BOND. The expense of a county treasurer's official bond, when legally executed by a qualified bonding company as surety and approved and accepted by the county board, is a binding obligation of the county. Comp. St. 1909, ch. 10, secs. 9, 9a, 9b.

APPEAL from the district court for Buffalo county: BRUNO O. HOSTETLER, JUDGE. Affirmed.

13

*J. M. Easterling,* for appellant.

*H. M. Sinclair* and *W. D. Oldham, contra.*

Rose, J.

This is a suit by Gilbert E. Haase, county treasurer of Buffalo county, plaintiff, to recover from Buffalo county, defendant, a premium of $370 on an official surety bond for the term of office beginning in 1908. There is no dispute about the facts. Plaintiff was elected, took the oath of office, and gave bond in the sum of $100,000 with the Lion Bonding Company of Omaha as surety. The surety was duly authorized by law to execute the bond, and it was accepted and approved by the county board. Plaintiff paid the premium of $370, a lawful and reasonable charge, and filed with the county board a claim therefor, which was first rejected and afterward allowed to the extent of $185. From this order plaintiff appealed to the district court, where a judgment was rendered in his favor for $370, and defendant appealed to this court.

The only question presented is whether, under the facts stated, the county is liable, the statutory provisions applicable being as follows: "All official bonds of county, precinct, and other local officers, shall be executed by the principal named in such bonds, and by at least two sufficient sureties who shall be freeholders of the county in which such bonds are given; or any official bond of a county, precinct or local officer, may be executed by the officer as principal and by a guaranty, surety, fidelity or bonding company as surety, or by two or more of such companies; but only such companies as are legally authorized to transact business in this state shall be eligible to suretyship on the bond of a county, precinct or other local officer." Comp. St. 1909, ch. 10, sec. 9.

"That when a county treasurer, in giving the bond required by him by law shall furnish a bond executed by a surety company, authorized by the laws of this state to

execute such bond, and such bond shall be approved by the county board, then in each and every case the county may pay the premium for such bond, not in any instance to exceed one-half of one per cent. per annum of the penalty in the bond so executed and approved." Comp. St. 1909, ch. 10, sec. 9a.

"Upon the execution and approval of any such bond the county board shall direct the county clerk to draw a warrant upon the county treasurer in payment of such premium against the general fund of the county, such warrant to be signed by the chairman of the county board, countersigned by the county clerk and sealed with the county seal." Comp. St. 1909, ch. 10, sec. 9b.

The county attorney takes the position that the county may pay all or any part of the premium or reject its payment *in toto,* and argues that the statutes are permissive, and not mandatory. If this interpretation is adopted, it is perfectly obvious that the statutes will operate diversely in different counties, according to the varying convictions or motives of the officers comprising county boards. Uni formity of operation under similar circumstances is the evident intention of the legislature. Counties and compensation of officers are classified to that end. This purpose in a measure would be defeated by the adoption of defendant's construction.

By the section first quoted provision is made for the giving of a personal bond. Where this course is pursued by the county treasurer and the county board, both avoid the expense of a surety bond. Where the bond is executed by a surety company, however, these provisions govern: "The county may pay the premium for such bond", and "upon the execution and approval of any such bond the county board shall direct the county clerk to draw a warrant upon the county treasurer in payment of such premium." In giving effect to these expressions, it should be observed that when the county board approved and accepted the surety bond executed by the Lion Bonding Company, individual obligations or rights of plaintiff

arose. If the county did not become liable for the payment of the premium, that burden rested on plaintiff individually. When the surety bond was approved and accepted, the funds of the county were protected by a modern, statutory method created for the public welfare. When the county board approved and accepted the surety bond, its discretion as to incurring the resulting expense terminated. Afterward the county could not arbitrarily refuse to pay the premium. This is believed to be the logical result of a correct interpretation of the statutes. The word "may" in the sentence, "The county *may* pay the premium," and the word "shall" in the sentence, "The county board *shall* direct the county clerk to draw a warrant," in their relation to all the legislation on this subject, when applied to the facts of this case, are mandatory. *People v. Commissioners of Buffalo County,* 4 Neb. 150; *Doane v. City of Omaha,* 58 Neb. 815.

The district court having taken this view of the law, the judgment below will be

AFFIRMED.