DOUGLAS COUNTY, APPELLANT, V. JOSEPH BELITZ ET AL., APPELLEES.

6 N. W. (2d) 370

FILED NOVEMBER 20, 1942. No. 31530.

*James T. English* and *Oscar T. Doerr,* for appellant.

*Charles Battelle,* for appellees.

*Robert Smith, pro se.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER and YEAGER, JJ.

CARTER, J.

This suit was commenced by the county of Douglas to secure an interpretation of sections 12-124 and 12-125, Comp. St. Supp. 1941. The trial court interpreted the statutes in question contrary to the contention of the county and the county appeals.

The facts in the case are not in dispute, the suit being submitted as a case stated on a stipulation of facts. The defendants are officers and employees of Douglas county, who are required to and have filed surety bonds with the proper county officers, which bonds comply with all statutory requirements and have been approved by the board of county commissioners. The defendants thereupon requested the board of county commissioners to pay the premiums on the bonds under the provisions of sections 12-124 and 12-125, Comp. St. Supp. 1941, which request was refused. It is the contention of the county that the payment of premiums on such bonds under the foregoing sections of the statute are permissive only and not mandatory. This suit was filed for the sole purpose of determining this issue.

The provisions of sections 12-124 and 12-125, Comp. St. Supp. 1941, are as follows:

"Subdivision 1. When any county treasurer, county attorney, clerk of district court, county clerk, county judge, county assessor, register of deeds, county sheriff, county superintendent of public instruction, county commissioner or

supervisor, in giving the bond required of him by law, shall furnish a bond executed by a surety company, authorized by the laws of this state to execute such bond, and such bond shall be approved by the county board, then in each and every case the county may pay the premium for such bond: Provided, that any surety bond so executed and approved shall contain a covenant to the effect that when said bond shall have been surrendered by the obligee and delivered to the obligor, or its resident agent, the obligor shall refund to the county the unearned portion of the premium so paid for the term of said bond. Subdivision 2. Whenever any deputy or employee of any county treasurer, county attorney, clerk of the district court, county clerk, county judge, county assessor, register of deeds, county sheriff, county superintendent of public instruction, county commissioner or supervisor, shall be required by law, or by order of the county board of any county, to supply bond, and when such deputy or employee shall furnish a bond by a surety company, and such bond shall be approved by the county board; then in such case the county may pay the premium for such bond.

"Upon the execution and approval of the bonds upon which the county pays premium, the county board shall direct the county clerk to draw warrants upon the county treasurer in payment of such premiums against the general fund of the county, such warrants to be signed by the chairman of the county board, countersigned by the county clerk and sealed with the county seal."

It will be noted that these statutes were amended by the legislature in 1941 to accomplish two primary objectives. Subdivision 1 of section 12-124 was amended to include county officers other than the county treasurer, and subdivision 2 of the same section was added for the purpose of including deputies and employees of designated county offices. This is important in the present case because of the fact that the language to be interpreted in the 1941 act is identical with that contained in the act in its previous form, and has been previously construed by this court.

The decision must rest upon a determination whether the

words "the county may pay the premium for such bond," as they appear in both subdivisions of section 12-124, are permissive or mandatory. In other words, should the word "may" be construed to mean "shall." We think this was fully answered in *Haase v. Buffalo County*, 86 Neb. 145, 124 N. W. 1130, wherein this court in construing the same language in the former statute said:

"The county attorney takes the position that the county may pay all or any part of the premium or reject its payment *in toto*, and argues that the statutes are permissive, and not mandatory. If this interpretation is adopted, it is perfectly obvious that the statutes will operate diversely in different counties, according to the varying convictions or motives of the officers comprising county boards. Uniformity of operation under similar circumstances is the evident intention of the legislature. Counties and compensation of officers are classified to that end. This purpose in a measure would be defeated by the adoption of defendant's construction.

"By the section first quoted provision is made for the giving of a personal bond. Where this course is pursued by the county treasurer and the county board, both avoid the expense of a surety bond. Where the bond is executed by a surety company, however, these provisions govern: 'The county may pay the premium for such bond,' and 'upon the execution and approval of any such bond the county board shall direct the county clerk to draw a warrant upon the county treasurer in payment of such premium.' In giving effect to these expressions, it should be observed that when the county board approved and accepted the surety bond executed by the Lion Bonding Company, individual obligations or rights of plaintiff arose. If the county did not become liable for the payment of the premium, that burden rested on plaintiff individually. When the surety bond was approved and accepted, the funds of the county were protected by a modern, statutory method created for the public welfare. When the county board approved and accepted the surety bond, its discretion as to incurring the resulting

expense terminated. Afterward the county could not arbitrarily refuse to pay the premium. This is believed to be the logical result of a correct interpretation of the statutes. The word 'may' in the sentence, 'The county may pay the premium,' and the word 'shall' in the sentence, 'The county board shall direct the county clerk to draw a warrant,' in their relation to all the legislation on this subject, when applied to the facts of this case, are mandatory."

We are of the opinion, therefore, that it is mandatory upon the board of county commissioners to pay the premiums upon the bonds of the officers and employees designated in the statute if and when such bonds are approved.

The county urges, however, that the change in the wording of section 12-125 from "upon the execution and approval of any such bond" to "upon the execution and approval of the bonds upon which the county pays premiums" shows a legislative intention to grant discretion to the board of county commissioners to pay or not to pay such bond premiums. With this argument we do not agree. The added words "upon which the county pays premiums" clearly refer to the bonds of the officers and employees which the board of county commissioners are authorized to pay by virtue of section 12-124, and were not intended as a grant of discretion to such board. We find no error in the record.

AFFIRMED.